IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-2718 |
| | § | |
| D. HOUSTON, INC. d/b/a TREASURES, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This court found this case to have been improperly removed from state court. The remand order allowed the plaintiffs to recover reasonable attorneys' fees, expenses, and costs incurred as a result of the removal. 28 U.S.C. § 1447(c). The plaintiffs submitted their fee applications, supported with itemized time records and affidavits of counsel, within this court's deadline.

The fee calculation the plaintiffs use is based on the lodestar formula of hours spent multiplied by the number of hours, with no adjustment up or down. (Docket Entry No. 24, 25). The defendants did not object to the hourly rates of the attorneys or to the hours spent by the State of Texas, but did object to some of the time incurred by lawyers working for the City of Houston. (Docket Entry No. 26). The defendants asserted that some of the time was duplicative because it appeared that several lawyers did the same work; some of the time was on an intervention issue unrelated to remand; and the time spent reading this court's remand order was not recoverable.

The first argument the defendants make to reduce the fees sought by the City is unpersuasive. The remand motions and briefs were done on an expedited basis. The bulk of the work was done by the lawyer with the lowest billing rate, with reviews by more senior members of the City's legal

staff (with higher billing rates). Neither the number of attorneys performing the work nor the time spent appears excessive or duplicative.

The second argument, that some of the time was spent on an intervention issue, is more persuasive. The relationship between this issue and the remand motion is unclear. This court will disallow 2.1 hours spent by Mr. Amis at $250 per hour, and .4 hours spent by Ms. Eidson at $400 per hour.

The final argument, that the City cannot recover fees for time spent reviewing this court's order granting remand, is unpersuasive. This time was spent solely as a result of the improper removal of this case. The fees for this time are recoverable under 28 U.S.C. § 1447(c).

Based on the above, this court awards the City of Houston $14,310 and the State of Texas $4,680. The full amount must be paid no later than **December 21, 2012**. Defendants D. Houston, Inc. and Nablico, Inc. are jointly and severally liable for the full amount due.

SIGNED on December 7, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge